[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2011
JOHN LEY
CLERK

No. 10-15158
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00032-KD-M-3

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

JERARDO GONZALEZ PEREZ,
a.k.a. Bally,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(November 29, 2011)

Before TJOFLAT, EDMONDSON and KRAVITCH, Circuit Judges.

PER CURIAM:

On June 23, 2010, Jerardo Gonzales Perez pled guilty to three counts of a

twelve-count indictment: Count One, conspiracy to possess with intent to

distribute methamphetamine, in violation of 21 U.S.C. § 846, and Counts Eleven and Twelve, possession of methamphetamine with intent to distribute on two separate days, in violation of 21 U.S.C. § 841(a)(1). On November 1, 2010, the district court sentenced Perez to concurrent prison terms of 121 months. He now appeals his sentences.

Perez argues that the district court, in determining his total offense level under the Sentencing Guideline applicable to his offenses, U.S.S.G. § 2D1.1, erred in enhancing the base offense level pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm by his codefendants, and U.S.S.G. § 3B1.1(a), for his role as a manager or supervisor in the offense. He therefore asks that we vacate his sentences and remand for resentencing pursuant to a Guidelines sentence range determined without reference to these enhancements. We find no error and accordingly affirm.

Perez argues that the § 2D1.1(b)(1) enhancement was inappropriate because his purported possession of a firearm via his codefendants was neither reasonably foreseeable nor in furtherance of the conspiracy. Section 2D1.1(b)(1) provides that, if a defendant possessed a dangerous weapon—two handguns in this case—during a drug-trafficking offense, his offense level should be increased by two levels. This enhancement is applied when such weapon is possessed by a

co-conspirator if the Government proves by a preponderance of the evidence that: (1) the possessor of the weapon was a co-conspirator; (2) the possession was in furtherance of the conspiracy; (3) the defendant was a member of the conspiracy at the time of possession; and (4) the co-conspirator's possession was reasonably foreseeable by the defendant. *United States v. Gallo*, 195 F.3d 1278, 1284 (11th Cir. 1999). The commentary to § 2D1.1(b)(1) states that the enhancement should be applied if the weapon was present, unless it is clearly improbable that it was connected to the offense. U.S.S.G. § 2D1.1(b)(1), comment. (n.3).

To prove that possession was in furtherance of the conspiracy, the Government need only show by a preponderance of the evidence that the weapon was present at the site of the charged offense, unless it was clearly improbable that it was connected with the offense. *United States v. Fields*, 408 F.3d 1356, 1359 (11th Cir. 2005). Once the Government shows that a weapon was present, the burden shifts to the defendant to show that a connection between the weapon and the offense is clearly improbable. *Id.*

With regard to the reasonable foreseeability prong of *Gallo*, we have recognized that handguns are a tool of the drug trade, and that there is a frequent and overpowering connection between their use and narcotics trafficking. *Pham*, 463 F.3d at 1246. To this end, we have found it reasonably foreseeable that a

co-conspirator would possess a firearm where the conspiracy involved trafficking in lucrative and illegal drugs. *Fields*, 408 F.3d at 1359. We have also upheld application of the § 2D1.1(b)(1) enhancement even where the defendant claims he was unaware of the firearm possession. *United States v. Pham*, 463 F.3d 1239, 1246 (11th Cir. 2006).

In this case, the Government proved that the handguns were connected to the charged offenses and that their use by a co-conspirator was reasonably foreseeable. *Id.* And Perez failed to show that a connection between the handguns and the offense was clearly improbable. The § 2D1.1(b)(1) enhancement was therefore appropriate.

Perez argues that the § 3B1.1(b) enhancement was inappropriate because the evidence was insufficient to prove that he managed or supervised another person in connection with the occurrence of the offenses for which he pled guilty. Section 3B1.1(b) instructs the district courts to increase a defendant's offense level by three levels if the defendant was a manager or supervisor (but not an organizer or leader) of the offense, and the criminal activity involved five or more participants or was otherwise extensive. The Government bears the burden of proving by a preponderance of the evidence that the defendant played such a role in the offense. *United States v. Glinton*, 154 F.3d 1245, 1260 (11th Cir. 1998). In

determining the defendant's role in the offense, the district court should consider the following factors:

> [T]he exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, comment. (n.4). There is no requirement that all the considerations must exist in any one case. *United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir. 2005). The defendant need only manage or supervise one other participant for the enhancement to apply. U.S.S.G. § 3B1.1, comment. (n.2). The Government is not required to prove that the defendant controlled another participant. *United States v. Matthews*, 168 F.3d 1234, 1250 (11th Cir. 1999).

Given the uncontested factual statements in the presentence investigation report and the testimony presented at Perez's sentencing hearing concerning Perez's direction of his courier, Maria Lopez, we conclude that the Government satisfied its burden of proof and that the court could reasonably find that Perez occupied a managerial role in the offense. Accordingly, no error occurred in the court's application of U.S.S.G. § 3B1.1(b).

AFFIRMED.